IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-11-D

| | |
|---|---|
| MOLLIE M. COSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DONALD C. AYSCUE, et al., ) | |
| ) | |
| Defendants. ) | |

On February 16, 2023, plaintiff, appearing pro se, filed a complaint [D.E. 1]. On March 7, 2023, the court ordered plaintiff to correct filing deficiencies [D.E. 5]. On March 20, 2023, plaintiff filed a second complaint, a financial disclosure, a notice of self representation, and a proposed summons. See [D.E. 6, 7, 8, 9]. Pursuant to 28 U.S.C. § 636(b)(1), the court referred this matter to Magistrate Judge Numbers to determine whether plaintiff corrected her filing deficiencies, for a memorandum and recommendation on the plaintiff's motion to proceed in forma pauperis [D.E. 11], and for a frivolity review. On May 8, 2023, Magistrate Judge Numbers granted plaintiff's motion to proceed in forma pauperis, and issued a Memorandum and Recommendation ("M&R") recommending that the court dismiss the complaint for lack of subject-matter jurisdiction. See [D.E. 14]. On May 19, 2023, plaintiff responded to the M&R [D.E. 15].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, the record, and plaintiff's response. Plaintiff made no objection to the M&R, and the court is satisfied that there is no clear error on the face of the record.

As for the response, plaintiff alleges "Racial Discrimination" and states:

> It is overwhelmingly known that the practice of racial discrimination runs tremendously in natural in the southern United States. This is not surprising, it's worldly [sic] known. It should not be accepted. This is my reason for filing in the United States District Court. The United States District Court is the only court that Black Americans have ever received relief.
>
> North Carolina State Court would not allow me to file anything in the "Perquimans County Court." That's discrimination in itself.
>
> This is the area where "Andrew Brown" was executed by the Pasquotank County Sheriffs Department. Andrew Brown's head was blown off by a military assault rifle where no sheriff was charged for that horrific crime.
>
> I've been racially threatened by the defendants each time I drive by my property. I was told by the defendants, if I'm seen riding down Skinner Road something terrible will happen to me.
>
> As for the money that Hood Ellis stold [sic] from me. The North Carolina State Bar Association located in Raleigh North Carolina have received my petition against Hood Ellis. Im awaiting there [sic] response. I'm hoping to be successful in reimbursement of my money.

Pl. Objs. [D.E. 15] 1–2. Plaintiff's response, however, does not create subject-matter jurisdiction in this court.

In sum, plaintiff's objection to the M&R [D.E. 15] is OVERRULED and the court DISMISSES WITHOUT PREJUDICE plaintiff's complaint for lack of subject-matter jurisdiction.

SO ORDERED. This 23 day of May, 2023.

                                                       JAMES C. DEVER III
                                                      United States District Judge